IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYLVESTER L. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-3529-N-BN |
| | § | |
| EXPERT DEVELOPERS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

**Background**

On November 2, 2015, Plaintiff Sylvester L. Johnson filed a *pro se* civil complaint against Defendant Expert Developers, Inc. alleging that Defendant committed a "cruel conspiracy" because it "scammed [Johnson] out of $170,000 in sale of [his] house, also charging architectural fee of $10,000 – to disconnect a pipe from stove." Dkt. No. 2.

Because Johnson paid the $400.00 statutory filing fee, the Court advised him on

November 5, 2015 that, although he is proceeding *pro se*, he is responsible for properly serving each defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4 and that he also must file proofs of service with the Court. *See* Dkt. No. 5 (citing FED. R. CIV. P. 4(c), 4(h), & 4(*l*)). He further was advised that if proper service is not made by the 120th day after filing this action that is not a Saturday, Sunday, or legal holiday – which was March 1, 2016 – this case is subject to dismissal without prejudice unless he shows good cause for any failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period. *See id.* (citing FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b)).[1]

Johnson failed to file proofs of service – or otherwise contact the Court – by March 1, 2016. As a result, on March 3, 2016 the Court directed him

> to file a written response to this order no later than **March 24, 2016** to show good cause for his failure to timely and properly effect service – that is, explain why service has not been properly accomplished within the 120-day time period after payment his filing this action – and to show good cause why the Court should give him additional time within which to properly effect service.
> And Plaintiff is WARNED that if he fails to timely respond to this order, the undersigned will recommend that this lawsuit be dismissed without prejudice for (1) failure to timely perfect service, pursuant to Federal Rule of Civil Procedure 4(m), and (2) failure to prosecute and obey court orders, pursuant to Federal Rule of Civil Procedure 41(b).

Dkt. No. 6 at 2 (emphasis in original).

Johnson has failed to respond to the show cause order or otherwise contact the Court.

---

[1] Federal Rule of Civil Procedure 4(m) was amended effective December 1, 2015 to shorten the period from 120 days to 90 days.

## Legal Standards and Analysis

Rule 4(m)

At the time that this action was filed, the Federal Rules of Civil Procedure authorized a district court to, after providing notice, dismiss a case *sua sponte* without prejudice pursuant to Rule 4(m) for failure of a plaintiff to effectuate service on defendants within 120 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (respectively citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Because Johnson has failed to properly effect service within 120 days of filing his complaint, and because the Court has twice explicitly notified Johnson that the failure to do so will subject his complaint to dismissal under Rule 4(m), *see* Dkt. Nos. 5 & 6, the Court should dismiss this action without prejudice under Rule 4(m).

Rule 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the

federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules,

we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to comply with the Court's orders regarding service of process, Johnson has prevented this action from proceeding, and he has therefore failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Johnson decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

**Recommendation**

The Court should dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b). But if Johnson responds to the Court's last order [Dkt. No. 6] by filing a written response to that order showing good cause for his failure to timely and properly effect service – that is, explaining why service has not been properly accomplished within the applicable time period after filing this action – and also showing good cause why the Court should give him additional time within which to properly effect service, the Court should refer the case back to the undersigned for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 29, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE